FILED
SUPERIOR COURT
OF GUAM

2023 JAN 13 AM 11: 04

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

|  |  |
|---|---|
| GLORIA UNPINGCO SANTIAGO and RANDOLPH AGUON SANTIAGO, | CIVIL CASE NO. CV0145-21 |
| **Plaintiffs,** | |
| **vs.** | **DECISION AND ORDER RE MOTION TO DISMISS** |
| DORIS CHIGUINA AGUON and ANTHONY AGUON, | |
| **Defendants.** | |

This matter came before the Honorable Dana A. Gutierrez on October 12, 2022 for a hearing on Plaintiffs Gloria Unpingco Santiago ("Plaintiff Gloria") and Randolph Aguon Santiago's ("Plaintiff Randolph") (collectively "Plaintiffs") Motion to Dismiss. Present via Zoom were Plaintiffs; Defendants Doris Chiguina Aguon ("Defendant Doris") and Anthony Aguon ("Defendant Anthony") (collectively "Defendants"); Attorney Charles H. McDonald II via Zoom representing Defendants; and Assistant Public Defender David Highsmith representing Plaintiffs. Upon consideration of the arguments presented and in light of the applicable law, the Court hereby **DENIES** the Plaintiffs' Motion to Dismiss as to the Intentional Infliction of Emotional Distress ("IIED") claim and Invasion of Privacy claim and **GRANTS** in part as to the Private Nuisance claim.

## BACKGROUND

This matter arises out of Plaintiffs' Complaint for Permanent Injunction seeking a restraining order prohibiting Defendants from going within five hundred feet of Plaintiffs' residence, from contacting Plaintiffs, and from otherwise harassing Plaintiffs. Complaint, at 3.[1]

On May 13, 2021, Defendants filed an Answer to Complaint for Permanent Injunction and Counterclaim ("Counterclaim"). The Counterclaim asserted two causes of action: 1) a claim for a permanent injunction; and 2) a claim seeking damages for the tort of IIED. On June 2, 2021, Plaintiffs filed a Motion to Dismiss seeking dismissal of the IIED claim arguing that Defendants had failed to state a claim upon which relief could be granted.[2]

Defendants filed their Opposition to Plaintiff's Motion to Dismiss on July 30, 2021. Plaintiffs filed their Reply on August 10, 2021. The parties presented oral arguments to the Court on September 7, 2021. On December 6, 2021, the Court issued a Decision and Order granting Plaintiffs' Motion to Dismiss ("Decision") and ordering that Defendants' Second Cause of Action for IIED be dismissed for failure to state a claim.

On February 28, 2022, Defendants filed their First Amended Answer to Complaint for Permanent Injunction and Counterclaims and Demand for Jury Trial ("Amended Counterclaim"), reasserting the Permanent Injunction claim and IIED claim set forth in their original Counterclaim and adding a third and fourth cause of action for Invasion of Privacy and Private Nuisance, respectively. On April 14, 2022, Plaintiffs filed a second Motion to Dismiss ("Second

---

[1] Based on Plaintiffs' Motion for an Order to Show Cause, supporting Declaration, and testimony at an *ex parte* hearing on February 10, 2021, the Court issued a Temporary Restraining Order on February 16, 2021.

[2] The Court continued the Temporary Restraining Order again until a hearing on June 15, 2021. At the June 15, 2021 hearing, the parties agreed to a Mutual Temporary Restraining Order pending the resolution of the case, or until further order of the Court.

2

Motion to Dismiss") seeking dismissal of the IIED claim, the Invasion of Privacy claim, and the Private Nuisance claim. On May 12, 2022, Defendants filed an Opposition to the Second Motion to Dismiss ("Second Opposition").[3] The Court scheduled a Motion Hearing for the Second Motion to Dismiss on October 12, 2022. The parties presented oral arguments to the Court at the October 12, 2022 hearing, and the Court took the matter under advisement.

## DISCUSSION

Plaintiffs seek dismissal of Defendants' IIED claim, Invasion of Privacy claim, and Private Nuisance claim pursuant to Rule 12(b)(6) of the Guam Rules of Civil Procedure ("GRCP"), arguing that the assertions in Defendant's First Amended Counterclaim fail to state a claim upon which relief may be granted. Second Mot. to Dismiss, at 1-6. In opposition, Defendants assert that their Amended Counterclaim sufficiently meets the outrageous conduct threshold for an IIED claim, and that Plaintiffs' conduct sufficiently meets all elements to demonstrate an Invasion of Privacy claim and a Private Nuisance claim. Second Opp., at 2, 5, 7-8.

### I.    Standard of Review for a Rule 12(b)(6) Motion to Dismiss

A pleading that states a claim for relief must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." GRCP Rule 8(a). Rule 12(b)(6) of the GRCP permits a party to raise by motion the defense that a pleading "fail[s] to state a claim upon which relief can be granted." *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9; GRCP Rule 12(b)(6). On a motion made under Rule 12(b)(6), the court's inquiry is limited to the content of the pleading, including written instruments attached to the complaint as exhibits,

---

[3] The Court notes that Plaintiffs did not file a reply to the Second Opposition.

3

statements or documents incorporated in the complaint by reference, and documents on which the pleading heavily relies. *Newby v. Gov't of Guam*, 2010 Guam 4 ¶ 14.

In *Ukau v. Wang*, the Supreme Court of Guam clarified that Guam imposes a liberal, notice pleading requirement and explicitly rejected the heightened pleading standard established for federal 12(b)(6) motions to dismiss by the U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal*. *Ukau v. Wang*, 2016 Guam 26 ¶ 20-33 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Pursuant to *Ukau*, "Guam law requires only notice pleading, not fact pleading." *Id.* at ¶ 21. This means that a pleading "need only provide fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at ¶ 22. Thus, a pleading "should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.*

However, while the Supreme Court of Guam has rejected the heightened plausibility standard established by *Twombly/Iqbal*, the Supreme Court does recognize the principle that "a plaintiff's obligation to provide the grounds of his entitlement to relief 'requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at ¶ 26 (citing *Core Tech Int'l Corp. v. Hanil Engineering & Construction Co.*, 2010 Guam 13 ¶ 52).

## II.    The IIED Claim

The Court previously dismissed Defendants' IIED claim on the grounds that Plaintiffs' conduct did not rise to the level of "outrageous conduct" necessary to sustain an IIED claim. Decision, at 8. Defendants assert that the Amended Counterclaim now sufficiently demonstrates

that Plaintiffs' conduct meets the "outrageous conduct" threshold necessary to support Defendants' IIED claim. Second Opp., at 2-3. However, Plaintiffs assert that, under the "law of the case" doctrine the Court is precluded from reviewing the "same issues." Second Mot. to Dismiss, at 7.

Upon review of the previous decision, the Court finds the original IIED claim was dismissed because the Court found that reasonable minds could not differ on whether the alleged conduct was sufficiently outrageous.[4] *Id.* The Court notes that the Defendants have since clarified their IIED claim in the Amended Counterclaim with new allegations. Furthermore, with regard to the Plaintiff's law of the case argument, the Court notes that amended pleadings are not subject to the law of the case doctrine.[5] *See Askins v. U.S. Dept. of Homeland Security*, 899 F.3d 1035, 1042 (9th Cir. 2018) (holding that law of case doctrine does not apply when considering a motion to dismiss an amended complaint); *see also Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) ("[A]fter amendment the original pleading no longer performs any function and is treated thereafter as non-existent[.]"). Therefore, for these reasons, the Court reviews the amended IIED claim under the notice pleading standard.

### A. The Amended Allegations Cannot Be Dismissed

In Guam, the elements of IIED are "(1) extreme and outrageous conduct by the

---

[4] The Court notes that this application of a "reasonable minds" standard may have been less liberal than the notice pleading standard the Supreme Court of Guam adopted in *Ukau*. Decision, at 7-9; *see Ukau*, 2016 Guam 26 ¶ 32.

[5] Plaintiffs assert that, under the "law of the case" doctrine illustrated in *Carlson v. Perez*, the Court is precluded from considering Defendants' amended IIED claim. Second Mot. to Dismiss, at 7 (citing *Carlson v. Perez*, 2007 Guam 6 ¶ 19). The Court notes that the *Carlson* law of the case standard comes from *People of Guam v. Hualde*, 1999 Guam 3 ¶ 13, which cites the standard from the Ninth Circuit decision in *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997). The Ninth Circuit has distinguished that standard for amended claims in *Askins v. U.S. Dept. of Homeland Sec.*, determining that the doctrine does not preclude a court from reassessing its own legal rulings in the same case.

defendant; (2) intention to cause or reckless disregard of the probability of causing emotional distress; (3) severe emotional distress, on the plaintiff's part; and (4) actual and proximate causation of that emotional distress." *Moylan v. Citizens Sec. Bank*, 2015 Guam 36 ¶ 77.

Defendants present the following IIED allegations in the Amended Counterclaim:

23. Around August 2020, the [Defendants] noticed that [Plaintiff] Gloria installed an electronic device that would state in a male voice "what are you doing" as the [Defendants] cook, clean, or relax in the outdoor living portion of their home.

24. [Plaintiff] Gloria only began using the electronic device to harass the [Defendants] after she confronted [Defendant] Doris Aguon regarding her plants.

25. *Upon information and belief, [Plaintiff] Gloria also installed no less than five (5) surveillance cameras aimed directly at the Aguon residence.*

26. *[Plaintiff] Gloria uses her electronic devices to spy on the [Defendants] and monitor their private affairs. [Plaintiff] Gloria watches and monitors the [Defendants] daily. She takes notes and reports to the police when Mrs. Aguon is not wearing a bra or when she is wearing only undergarments in her home.*

27. *[Plaintiff] Gloria has disrupted special family events and holidays. On one particular occasion, [Plaintiff] Gloria disrupted the funeral services for a member of the Aguon family and caused the arrest of Mr. Aguon.*

28. *[Plaintiff] Gloria spies on the [Defendants] as they flirt and tease each other romantically and express their love and affection for each other. [Plaintiff] Gloria calls the police when they are engaged in such behavior.*

29. *[Plaintiff] Gloria also watches other members of the Aguon family and has threatened to report them to the authorities for no apparent reason.*

30. *[Plaintiff] Gloria filed meritless police reports to harass and agitate the [Defendants]. Police have advised [Plaintiff] Gloria that there is nothing they can do about most of her complaints, but she continues to complain about the same or similar conduct. [Plaintiff] Gloria has filed at least one police report against the [Defendants] every month since November 2021 to the present. There have been no criminal charges brought against the [Defendants] stemming from the police reports.*

31. Gloria's installation of the surveillance system and talking electronic device and subsequent use against the [Defendants] was intended to cause the [Defendants] to suffer emotional distress.

32. *[Plaintiff] Gloria's stalking and harassing behavior while the [Defendants] are in the privacy of their home was intended to cause the [Defendants] to suffer emotional distress.*

33. The [Defendants] have suffered emotional distress. Specifically, [Defendant] Doris Aguon feels anxiety and stress when she is outside her home enjoying her outdoor living because of the surveillance system and talking electronic device. [Defendant] Doris has lost weight and loses sleep at night because of [Plaintiff] Gloria's actions. Mr. Aguon also has anxiety and stress while working outside his home because he knows [Plaintiff] Gloria is watching him and sounding her electronic device when he walks near certain areas of his property.

34. [Defendant] Doris Aguon had to seek medical care for her anxiety and stress caused by [Plaintiff] Gloria. [Defendant] Doris Aguon is emotionally distraught because of [Plaintiff] Gloria's actions.

35. [Plaintiff] Gloria's *continued harassment of the* [Defendants] and actions of installing the surveillance system and directing it towards the [Defendants] and her use of the talking electronic device have caused the [Defendants]to suffer emotional distress.

36. The [Defendants] have suffered economic and non-economic damages of no less than $100,000.00.

Amended Countercl., at 5-6 (italicized emphasis added to new allegations).[6]

Plaintiffs contend that "the facts complained of do not rise to the level of [IIED]" and that "[a]ssuming that all the allegations of the counterclaim are true, they do not constitute 'extreme and outrageous conduct'...." Second Mot. to Dismiss, at 3. While Plaintiffs dispute the factual basis of Defendants' allegations and whether these allegations rise to the IIED standard, the Court notes that Guam does not require fact pleading to survive a GRCP Rule 12(b)(6) Motion to Dismiss, only notice pleading. *See Ukau*, 2016 Guam 26 ¶ 29. At this stage in the proceedings, the Court finds that Defendants allegations, such as Plaintiffs disrupting a family funeral service,

---

[6] The Court notes seven (7) new allegations in the Amended Counterclaim from the original Counterclaim: paragraphs 25-30 and paragraph 32.

support an IIED claim and meet the requirements of notice pleading. *See id.* Therefore, the Court finds that Defendants provide a sufficient pleading under this standard and denies dismissal of the IIED claim.

### III.     Invasion of Privacy by Intrusion

The Supreme Court of Guam has established four legal theories of invasion of privacy, "(1) unreasonable intrusion upon the seclusion of another (2) appropriation of the other's name or likeness; (3) unreasonable publicity given to the other's private life...; and (4) publicity that unreasonably places the other in a false light before the public...." *Moylan*, 2015 Guam 36 ¶ 69 (citing *Varnado v. Midland Funding, LLC*, 43 F.Supp.3d 985, 991 (N.D. Cal. 2014)).

The Defendants base their claim upon the first theory, unreasonable intrusion upon the seclusion of another. Amended Countercl., at 7. While the Supreme Court of Guam has not yet addressed this theory in detail, the Supreme Court in *Moylan* relied on California case law for guidance on invasion of privacy claims. *Moylan*, 2015 Guam 36 ¶ 69.

The Supreme Court of California holds that "[o]ne who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person." *Shulman v. Group W Productions, Inc.*, 955 P.2d 469, 490. (Cal. 1998). The action for intrusion has two elements: (1) intrusion into a private place, conversation, or matter, and (2) in a manner highly offensive to a reasonable person. *Id.*

Defendants plead the claim as follows:

> 38. Sometime during the period of August 2020 to the present, [Plaintiff] Gloria, without the prior knowledge or consent of the [Defendants], installed viewing, listening and recording devices and intentionally intruded on their solitude, seclusion, and private affairs.

39. The [Defendants] discovered that their private conversations could be heard and were being recorded from a police officer after he responded to a complaint by [Plaintiff] Gloria against the [Defendants]. The police officer instructed the [Defendants]to keep their voices down as he interviewed them because [Plaintiff] Gloria could hear them and was recording their everyday activities.

40. [Plaintiff] Gloria's intrusions are substantial, and of kind that would be highly offensive to an ordinary reasonable person.

41. [Plaintiff] Gloria's intrusions have caused Plaintiffs to sustain injury and harm.

Amended Countercl., at 8.

In the Second Motion to Dismiss, Plaintiffs claim that any alleged intrusions into Defendants' seclusion were not more than "slight or trivial," and were not "highly offensive to a reasonable person" and therefore do not rise to the elements of an invasion of privacy claim. Second Mot. to Dismiss, at 5.

Once again, Plaintiffs challenge the factual allegations of Defendants' claim rather than whether the pleading meets the standard to dismiss under a GRCP Rule 12(b)(6) motion. Under the applicable notice pleading standard, the Court finds that Defendants made a plain statement alleging that Plaintiffs' actions of installing "viewing, listening, and recording devices" have "intentionally intruded" on the Defendants' solitude and private affairs. Further, Defendants allege that their "private conversations" are being heard and recorded by Plaintiffs. The Court finds the allegations support a sufficient pleading showing entitlement to relief under the theory of unreasonable intrusion upon the seclusion of another. *See Shulman*, 955 P.2d at 490. Therefore, the Court denies the dismissal of the Invasion of Privacy claim.

## IV. Private Nuisance

In Guam, nuisance is defined as "anything which is injurious to health, or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the

comfortable enjoyment of life or property...." 20 G.C.A. § 10101.

The Supreme Court of Guam has only addressed the issue of private nuisance in *Guerrero v. DLB Const. Co.*, in which a retaining wall built by defendants collapsed on plaintiffs' house, destroying parts of it. 1999 Guam 9. The Supreme Court held that in order for a plaintiff to recover under a nuisance theory, "the party must show the acts of tortfeasor were either; a) injurious to health; b) indecent or offensive to the senses; c) obstructive [of] the comfortable enjoyment of life or property; [or] d) unlawfully obstructive [of] the free passage or use, in the customary manner, of any river, bay, stream, canal, or basin, in any public park, square, street, or highway." *Id.* at ¶ 15. The Supreme Court affirmed the trial jury's verdict finding defendant-appellants liable for nuisance, because defendant-appellants' failure to remove the wall remnants and debris on the plaintiff-appellees' property physically prevented them from using their property. *Id.* at ¶¶ 15, 18.

> Regarding the Private Nuisance claim, Defendants plead the following:
>
> 43. Since about August 2020, [Plaintiff] Gloria installed security recording cameras and pointed them directly at the Aguon home without their knowledge or assent.
>
> 44. The [Defendants] have expressed their objection to the security cameras but the Santiagos have refused to cease recordings.
>
> 45. [Plaintiff] Gloria's actions have caused [Defendant] Doris to experience health issues and constitutes a private nuisance.
>
> 46. [Plaintiff] Gloria's actions have obstructed the free use of the [Defendants] house and has interfered with their comfortable enjoyment of life and property.
>
> 47. The [Defendants] have suffered harm and injury as a result of [Plaintiff] Gloria's actions.

Amended Countercl., at 8.

10

While Plaintiffs admit that the allegations "might be deemed 'harassment,'" they claim that the actions are "in no way physical" and allege that private nuisance "requires that something physical offends the senses or obstructs access to property." Second Mot. to Dismiss, at 6. Therefore, Plaintiffs claim that Defendants' allegations are "inadequate" to support a private nuisance claim. *Id.* In response, Defendants claim that "there is no requirement for something physical to obstruct or offend" under the nuisance statute. Second Opp., at 9.

Defendants allege that Plaintiffs' actions have "obstructed the free use" of their property and "interfered with their comfortable enjoyment of life and property" and even caused "health issues." Amended Countercl., at 8. However, Defendants never specify in their allegations what the Plaintiffs' "actions" are that have caused these issues besides a general reference to the Plaintiffs' installation of security cameras. Amended Countercl., at 8. Further, Defendants make no connection to how the installation of cameras have "obstructed" or "interfered" with their property or caused the alleged "health issues."

Under the notice pleading standard, Defendants are responsible to provide fair notice of their claim and the grounds upon which it rests. *See Ukau* 2016 Guam ¶ 26. Upon review, Defendants fail to provide the grounds that connect their allegations of nuisance to the Plaintiffs' actions but rather merely recite the statutory requirements of nuisance. *Id.* Therefore, the Court finds the pleading to be insufficient due to the Defendants' failure to provide the Plaintiffs with notice of the grounds to their claim and thus, the Court grants dismissal of the Private Nuisance claim.

11

## CONCLUSION

Accordingly, for the foregoing reasons, the Court hereby **DENIES** the Second Motion to Dismiss with regard to the the Defendants' IIED claim and Invasion of Privacy claim, and the Court **GRANTS** the Plaintiffs' Second Motion to Dismiss with regard to the Defendants' Private Nuisance claim and **ORDERS** that the Private Nuisance claim is **DISMISSED.** Dismissal of the Private Nuisance claim is without prejudice and leave to amend is **GRANTED.**

An amended pleading, if filed, shall be filed by within ten business days to be considered timely. Responsive pleadings shall be filed no later than ten business days after an amended pleading is filed or, if none is filed, within twenty-one calendar days of this Decision and Order.

**SO ORDERED:** _____ JAN 1 3 2023 _____

**HONORABLE DANA A. GUTIERREZ**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

_____ PDSC, _____

_McDonald Law Office_

Date: 1/13/23 Time: 11:17 am

Deputy Clerk, Superior Court of Guam